UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN JACKSON,                                                                    Plaintiff,

v.                                                                    Civil Action No. 3:18-cv-P609-DJH

SGT. MCNEESE *et al*.,                                                              Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. The

Court has granted Plaintiff Kevin Jackson leave to proceed *in forma pauperis*. This matter is

before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below,

the Court will dismiss certain claims but allow others to proceed.

## I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of

Corrections (LMDC). He brings this action against five LMDC officials in both their official

and individual capacities – "Sgt. McNeese," "Officer Hale," "Officer Ewald," "Officer Ramos,"

and "Officer Meredith."

In the complaint, Plaintiff writes as follows:

> On set date of 5-28-18 around 4-5 pm on Floor 6 Dorm 9 I Inmate Jackson . . . was
> in dorm 9 cell 2, C.O. Ewald was running rec . . . He then came to me and said it
> was my time for my hour out and if I don't come now I won't get my Rec. I had to
> make my hour out I made 2 phone calls I started a 3rd call & got half way through
> my call & the phone hung up, 2 to 3 minutes later CO's Ewald & Ramos came in
> and told me my hour out was up. I know 4 phone calls is a hour and I never got
> that far in the process cause it was cut short. I then asked for a sgt and I was then
> cuffed and placed in wristhold and Sgt. McNeese told me I'm going back to my
> cell. I asked her, "so your not going to check about my hour?" She then responded
> by saying "sit down or I'm going to spray you with O.C." I then said I was suicidal,
> they ignored me and told me I was going back to my cell, once placed back in my
> cell I repeatedly asked for mental health, she not only refused me mental health she

refused to give me a dinner tray & a nurse. She then started to remove property from my room. As I was handcuffed behind my back I still tried to exit my room and was grabbed around the neck by CO Ramos choked out, along with CO Ewald punching me in the face until began to bleed from my face and I was continuously assaulted by CO Ewald this was all captured on the dorm cameras & body cameras.

As relief, Plaintiff seeks compensatory damages and punitive damages and that "all body camera and video footage of the incident" be preserved.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

As stated above, Plaintiff sues all five Defendants in their official capacities. "[O]fficial-capacity suits. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, which is the Louisville Metro Government. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286

(6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional

rights was the result of a custom or policy implemented or endorsed by the Louisville Metro

Government. Accordingly, the Court will dismiss Plaintiff's official-capacity claims for failure

to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Plaintiff does not indicate what constitutional rights he believes were violated by

Defendants' actions. However, while the Eighth Amendment provides an inmate the right to be

free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth

Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d

928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty*., 819 F. 3d 907, 915 (6th Cir. 2016)). "The

Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and

Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro

Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). Indeed, at this time, the only explicit

exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-

extensive with rights under the Fourteenth Amendment pertains to excessive-force claims

brought by pretrial detainees. *Id*. at 938 n. 3 (recognizing that *Kingsley v. Hendrickson*, 135 S.

Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment

excessive-force claims and that the standard which governs pretrial detainee claims may be

shifting, but declining to apply the *Kingsley* standard to a pretrial detainee deliberate indifference

to a serious medical need claim).

## 1. Defendants Ewald and Ramos

Plaintiff first alleges that Defendants Ewald and Ramos deprived him a full-hour of "rec" on one occasion. Claims related to the denial of recreation are usually analyzed as conditions-of-confinement claims, and courts have regularly held that the occasional denial of recreation does not rise to the level of a constitutional violation. *See, e.g.*, *LaPlante v. Lovelace*, No. 2:13-cv-32, 2013 U.S. Dist. LEXIS 145870, at *20-22 (W.D. Mich. Oct. 9, 2013) (no constitutional deprivation where the plaintiff was offered indoor recreation on only seven occasions over two month period); *Brown v. Kelly*, No. 4:12 CV 1356, 2012 U.S. Dist. LEXIS 165539, at *9-10 (N.D. Ohio Nov. 20, 2012) (no constitutional violation where the plaintiff was denied recreation outside of his cell for one week); *Anderson v. DaCosta*, No. 10-5835 (PGS), 2011 U.S. Dist. LEXIS 61776, at *45-46 (D.N.J. June 1, 2011) (no constitutional violation where plaintiff's yard recreation was shortened to a half hour on one occasion). Thus, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Ewald and Ramos for depriving him of a full hour of recreation on one occasion for failure to state a claim upon which relief may be granted.

However, Plaintiff's allegations also suggest that he seeks to brings excessive-force claims against Defendants Ewald and Ramos. "To establish a Fourteenth Amendment excessive-force claim, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Kulpa v. Cantea*, 708 F. App'x 846, 851 (6th Cir. 2017) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. at 2473). The Court will allow excessive-force claims to proceed against Defendants Ewald and Ramos in their individual capacities at this time.

**2. Defendant McNeese**

Plaintiff alleges that Defendant McNeese threatened to "spray him with O.C. spray" if he did not comply with her order to sit down and that she refused to provide him access to a mental health care provider or a nurse after he told her that he was suicidal.

With regard to Plaintiff's first allegation, although reprehensible and not condoned, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under 42 U.S.C. § 1983. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 U.S. Dist. LEXIS 30327, at *3 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's [] rights."). Thus, the Court will dismiss this individual-capacity claim against Defendant McNeese.

However, based upon Plaintiff's allegations related to the denial of mental health care, the Court will allow a Fourteenth Amendment deliberate indifference to a serious medical need claim to proceed against Defendant McNeese in her individual capacity.

**3. Defendants Hale and Meredith**

The Court now turns to Defendants Hale and Meredith. Plaintiff only lists these Defendants as defendants in the caption and parties section of the complaint form. He does not make any allegations against them in complaint, indicate that they were involved in any of the alleged wrongdoing against him, or claim that they violated his constitutional rights.

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation[.]" *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a

complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights."). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Because Plaintiff has failed to meet this standard with regard to Defendants Hale and Meredith, the Court will dismiss any claims against them for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants and his individual-capacity claims against Defendants Hale and Meredith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As such, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Hale and Meredith as parties to this action.**

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants Ewald and Ramos for denying him a full hour of recreation and against Defendant McNeese for verbal threats are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will allow Plaintiff's Fourteenth Amendment excessive-force claims against Defendants Ewald and Ramos and his Fourteenth Amendment deliberate indifference to a serious medical need claim against Defendant McNeese to proceed against these Defendants in their individual capacities at this time. In allowing these claims to proceed, the Court passes no judgment on their merit or on the ultimate outcome of this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: October 17, 2018

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4415.011

9